IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamil Kaari Curtis, | C/A No. 6:23-cv-3017-JFA-KFM |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| Federal Bureau of Prisons, FCI Williamsburg, C. Davis, | |
| Defendants. | |

### I.     INTRODUCTION

Plaintiff Jamil Kaari Curtis, ("Plaintiff"), proceeding pro se, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action issued an order informing Plaintiff that the complaint contained several deficiencies as drafted and providing him with time to file an amended complaint to correct those deficiencies. (ECF No. 22). Plaintiff was informed that if he failed to file

1

an amended complaint or cure the deficiencies outlined in the order, the Magistrate Judge would recommend that his claims be dismissed.

Despite this warning, the plaintiff failed to file an amended complaint within the time provided. Thereafter, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that this matter be summarily dismissed. (ECF No. 28). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on December 11, 2023. (ECF No. 31). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF

3

No. 28). In short, Plaintiff has asserted claims stemming from an injury to his leg that he received after falling while exiting the top bunk within his prison cell. Within his three-page filing, Plaintiff makes generalized statements regarding his disagreement with the Report's conclusions. (ECF no. 31). Accordingly, much of Plaintiff's arguments are not properly characterized as specific objections to the Report which would allow for *de novo* review. However, the court was able to discern two specific objections. Each are addressed below.

### Objection 1

Plaintiff initially states that he is "objecting the subject to dismiss my medical neglect claim." (ECF No. 31, p. 1)(written as it appears in original). More specifically, Plaintiff avers that he "should not have to file a BP-8 just to get the proper medical treatment." (ECF No. 31, p. 1). Plaintiff's objection appears to take issue with the Report's conclusion that "the plaintiff's complaint fails to allege that the defendants breached that duty to provide medical care because he concedes that care was provided-just not the care he preferred." (ECF No. 28, p. 7). Plaintiff further avers that the medical staff "knew and had a sufficiently culpable state of mind this is deliberate indifference to me." (ECF No. 31, p. 2).

Plaintiff offers no support for this objection other than mentioning that he requested a boot, crutches, and a wheelchair after his injury for mobility and stability because he could barely walk. This objection does nothing to alter the Magistrate Judge's conclusion that Plaintiff did indeed receive medical treatment for the cut on his leg. Plaintiff's later

desire for crutches or a wheelchair to improve mobility fails to evidence any negligence on behalf of the medical staff. Accordingly, this objection is overruled.[1]

Objection 2

Plaintiff next "object[s] that my complaint about the personal injury itself is subject to dismissal . . . when prison officials were deliberately indifferent to a substantial risk of serious harm when they ignored the discretion of the 'Prison Litigation Reform Act' . . . by not placing ladders nor foot stools to cells." (ECF No. 31, p. 2)(written as it appears in original). Plaintiff further supports this objection by asserting that the Eighth Amendment prohibits inhumane treatment while imprisoned. Plaintiff ultimately claims that a jury could determine that inmates faced a substantial risk of serious harm by the failure to equip cell bunkbeds with ladders or stepstools.

Plaintiff's objection misses the mark. Within the Report, the Magistrate Judge cited a litany of support for the conclusion that "there are no mandatory duties or regulations regarding the manufacture of or maintenance of bunk beds in FBOP facilities and that placement (or non-placement) of ladders or railings on bunk beds is a discretionary function." (ECF No. 28, p. 6)(citing *DeOrio v. U.S.*, C/A No. 0:20-cv-004129- RMG-PJG, 2021 WL 4054960, at *4 (D.S.C. Aug. 12, 2021), *Report and Recommendation adopted by* 2021 WL 3856207 (D.S.C. Aug. 30, 2021) (citing *Bultema v. U.S.*, 359 F.3d 379 (6th Cir. 2004) (holding that claims regarding FBOP's decision to not place ladders or guard

---

[1] Plaintiff also fails to address the Magistrate Judge's determination that the "plaintiff has not alleged an injury with respect to the lack of preferred treatment for the cut on his leg – and the cut on his leg alone cannot be the basis for the plaintiff's damages request in a negligent medical treatment claim." (ECF No. 28, p. 7).

5

rails on top bunks were barred by the discretionary function exception); *Mangum v. U.S.*, C/A No. 2:16-cv-00077, 2017 WL 2982335, at *4–6 (N.D. W. Va. June 5, 2017) (determining that "the addition of a third bed to an existing two tier bunk and installation of a ladder or railings on the bunk bed is a matter of discretion"), *Report and Recommendation adopted by* 2017 WL 2981224 (N.D. W. Va. July 12, 2017); *Lee v. U.S.*, C/A 5:10-cv-00016, 2010 WL 3910062, at *4 (N.D. W. Va. Oct. 4, 2010) (finding that "the discretionary function exception applies and that valid safety and security reasons exist for the FBOP's decision to refuse to install ladders on the bunk beds in the SHU.")).

Thus, the Magistrate Judge was correct in holding that Plaintiff's personal injury claim under the FTCA is barred by the discretionary function exception to FTCA liability and should be dismissed.

## IV.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 28). For the reasons discussed above and in the Report, the action is dismissed with prejudice, without leave for further amendment, and without issuance of service of process.

IT IS SO ORDERED.

January 23, 2024
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

6